# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF ___ CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

*First 2D*

739 ~~Encinas~~ Avenue, Apt. B
Calexico, CA   92231

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

Case Number:

**'07 MJ 8859**

I, Zachary Delecki _____ being duly sworn depose and say:

I am a(n) Special Agent with Federal Bureau of Investigation _____ and have reason to believe
                                         Official Title

that ☐ on the person of or   ☑ on the property or premises known as (name, description and/or location)

*First 2D*

739 ~~Encinas~~ Avenue, Apt. B
Calexico, CA 92231
(as more fully described in ATTACHMENT A)

in the _____ SOUTHERN _____ District of ___ CALIFORNIA _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

SEE ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

(1) property that constitutes evidence of a cormmission of a cirminal offense; and
(2) property designed and intended for use or which is or has been used as a means of committing a criminal offense;

concerning a violation of Title ___ 8 ___ United States code, Section(s) ___ 1324(A)(1)(A)(iii) _____

The facts to support a finding of probable cause are as follows:

SEE ATTACHMENT C

**FILED**

OCT 1 9 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Continued on the attached sheet and made a part hereof:      ☑ Yes      ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

*10-18-07 @ El Centro, CA*
Date

at   EL CENTRO _____ CALIFORNIA
     City                                              State

_____
Signature of Judge

Peter C. Lewis _____ U.S. Magistrate Judge
Name of Judge _____ Title of Judge

## ATTACHMENT A

### DESCRIPTION OF PREMISE TO BE SEARCHED

The premise to be search is located at 739 ~~Encinas~~ *First* Ave., Apt. B, city of Calexico, county of Imperial, state of California.  The premise to be searched is further described as one-half of a single-story duplex residence, located on the ~~southeast~~ *northwest* corner of Encinas Ave. and First St.  It is beige in color, with a satellite dish on the roof, and the numerals "739" affixed to the edge of the roof above the front door.



## ATTACHMENT B

### ITEMS TO BE SEIZED

Items to be seized include:

a.   Documents and items that are related to alien smuggling, including driver's licenses, telephone records, telephone bills, address and telephone books, video cameras, monitors, and recording equipment, canceled checks, receipts, bank records, journals, invoices, ledger books, and other financial documentation;

c. Documents and items that tend to show the identity of persons controlling, occupying, possessing, residing in, owning the premises, including keys, rental agreements and records, leases, property acquisition records, utility and telephone bills and receipts, photographs, answering machine tape recordings, telephone beepers or paging devices, rolodexes, telephone answering pads, storage records, vehicle records, canceled mail envelopes, correspondence, financial documents such as tax returns, bank records, safety deposit box records, canceled checks, and other records of income and expenditures, credit card and bank records, and personal identification and travel documents.

## ATTACHMENT C
### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

**RE: Application to Search Residence at 739** ~~Encinas~~ *First 20* **Ave., Apt. B,**

### Calexico CA.

I, Zachary Delecki, being duly sworn, hereby depose, and say:

I have been employed as a Special Agent of the FBI since 2003. This affidavit is made in support of a warrant to search a residence located at 739 Encinas Ave., Apt. B, Calexico, California, for items constituting evidence of violations of Title 8 U.S.C. Section 1324(a)(1)(A)(iii). *I have personally interviewed Joseph Kirby and Jose Torres, described herein.*

On October 18, 2007, at approximately 2:30 A.M., Agent Joseph Edward Kirby of the United States Border Patrol was patrolling the border fence in Calexico, CA, when he received a radio report alerting him a person attempting to cross the border fence near his position. Soon thereafter, Agent Kirby heard the border fence rattle and saw an individual, later identified as Jose Filommeno, run north from the fence. Agent Kirby responded by following Filommeno to 739 Encinas Ave., where he witnessed Filommeno run into Apartment B. Agent Kirby followed Filommeno into the house, and there apprehended Filommeno and another individual, Jose Torres. *Filommeno was determined to be an illegal alien.*

Torres, a United States citizen with a prior conviction for alien smuggling, was subsequently Mirandized and questioned. He stated that the leaseholder of the house, one Cesar Delan, is a longtime alien smuggler who uses the house as a safe-house for

aliens who climb the fence.    Torres estimated, based on his acquaintance with Delan, that Delan brings approximately 2 or 3 aliens to the house each day to hide after climbing the fence. Torres also stated that Delan maintains video cameras to monitor the area around his house for aliens and law enforcement, and that Delan is paid $500 per alien, in cash.

Based upon my experience and training, consultation with other law enforcement officers experienced in alien smuggling investigations, and all the facts and opinions set forth in this affidavit, I know that the following is likely to be true. I also personally interviewed Torres on 10/18/07. *PCL*

a.    Individuals involved in alien smuggling often maintain items related to this business at their place of residence, including records and ledgers to keep track of their past transactions, the status of the accounts receivable and accounts payable, and the names, identities and telephone numbers of aliens, other smugglers, and co-conspirators.

b.    Individuals involved in alien smuggling often rely on others to obtain their clients in Mexico and to help them market their services and direct aliens to the safe-house.    Frequently, smugglers maintain evidence of the identities of these co-conspirators at their residence.    Torres stated that Delan does not personally leave his house, but instead uses others to recruit and direct aliens.

c.    Individuals involved in alien smuggling commonly earn income

in the form of cash and try to legitimize these profits.  In order to do this, smugglers frequently attempt to secrete, transfer, and conceal the money by means, including, but not limited to: placing assets in names other than their own to avoid detection while maintaining control; laundering the money through what appears to be legitimate business or businesses; hiding money in their homes, safes, and safety deposit boxes; or using the money to buy assets which are difficult to trace.  Records of these and other types of transactions are often found at the residences of individuals involved in alien smuggling.

d.    Individuals involved in alien smuggling often keep and maintain large amounts of United States currency at their residences.  This is especially likely in this case given that according to Torres cash transactions of approxiately $1000 to $1500 are taking place at the house every day.

e.    Individuals involved in alien smuggling often maintain weapons, firearms, and ammunition on their person or in their residence.

f.    Residences and premises used by individuals involved in alien smuggling usually contain articles of personal property evidencing the identity of person(s) occupying, possessing, residing in, owning, frequenting or controlling the residence and premise.

g.    Individuals involved in drug trafficking frequently communicate with co-conspirators by means of hard-line telephones, cellular telephones, radios and electronic paging devices and

usually maintain these items on their person and/or in their residences. In this case Torres stated that Delan had a radio with which he communicated with confederates prior to the arrival of an alien.

It is also my opinion and belief that the above-described documents and items are currently possessed by alien smugglers much the same way a legitimate business will maintain records and tools of its trade whether or not the business has a particular item in inventory on a given date. I believe that the seizure of such documents will provide evidence of the events set forth in this affidavit and that such documents can be found at the target location despite any lapse of the time between the events described and the anticipated search pursuant to this warrant.

Based upon the foregoing facts, the affiant has reason to believe that the items identified above in Attachment B, are located at 739 Encinas Ave., Apt. B, including all attached and unattached rooms, attics, basements, garages (including vehicles parked therein ), storage areas, safes, briefcases, containers, trash areas within the residence, surrounding grounds and outbuildings assigned to or part of the premises, and that there is probable cause to search these premises.

Signature of Affiant

Zachary Delecki
Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

_____
(Date/Time)

At El Centro, California on

The Hon. Peter Lewis, United States Magistrate Judge